**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MCKENZIE LYONS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CHIEF JEFF NEWTON, individually and in his official capacity as a Chief of the Great Falls Police Department, OFFICER TRAVIS PALMER, individually and in his capacity as an Officer of the Great Falls Police Department, CITY OF GREAT FALLS, MONTANA, by and through the City of Great Falls Police Department, and John Does 1-10,<br><br>    Defendants. | **CV-21-121-GF-BMM**<br><br>**ORDER** |

**INTRODUCTION**

Defendant Officer Travis Palmer ("Palmer") filed a Motion to Dismiss

Plaintiff McKenzie Lyons's ("Lyons") claim for intentional or negligent infliction

of emotional distress on July 28, 2022 (Doc. 66.) Palmer contends that this Court

should not exercise supplemental jurisdiction over Lyons's state law claim. Lyons

opposes the Motion. The Court held a hearing on the matter on August 31, 2022.

(Doc. 78.) For the following reasons, the Court DENIES the motion.

## BACKGROUND

Lyons served as an officer for the Great Falls Police Department ("GFPD").

(Doc. 21 at ¶ 1.) Lyons began a relationship with Palmer around August 2020. (Id.)

Lyons ended her relationship with Palmer in September of 2021 and began a

relationship with another person who worked for the GFPD. (*Id.* at ¶¶ 80, 82.)

Lyons asserts that Palmer harassed her during and after their relationship. Lyons

reported Palmer's conduct to the GFPD on October 6, 2021. (*Id.* at ¶¶ 87–88.) This

report prompted an investigation by Chief Jeff Newton. GFPD terminated Lyons

on November 9, 2021. (*Id.* at ¶¶ 98–99.) GFPD reprimanded Palmer, demoted him,

and placed him on leave without pay. (Doc. 31 at 11.)

Lyons brought claims in her Amended Complaint against Palmer, the City of

Great Falls, and Chief Newton for violations of 42 U.S.C. § 1983, negligence and

negligent supervision, and intentional or negligent infliction of emotional distress.

(Doc. 21.) Lyons also has asked this Court to provide immediate injunctive relief

for protection from any contact with Palmer. (Doc. 21 at ¶ 52; Doc. 2.) The Court

deferred ruling on Lyons's Motion for Preliminary Injunction and Show Cause

Hearing (Doc. 2) until after the Montana state court, Cascade County, conducted a show cause hearing. (Doc. 46.)

The Montana state court, Cascade County issued an Order of Protection (Doc. 57-1) on March 31, 2022, following the show cause hearing, and granted Lyons's request for a permanent order of protection. (*Id.*) The order effectively rendered moot Lyons's Motion for Preliminary Injunction and Show Cause Hearing (Doc. 2) in this Court. (Doc. 60.)

This Court denied Lyons's Motion to Convert Motion to Dismiss to Motion for Summary Judgment (Doc. 58), as well as Newton's and the City's Motion to Dismiss (Doc. 30). (Doc. 65.) The Court dismissed Lyons's section 1983 claims, negligence and negligent supervision claims against Palmer, and injunctive relief claims for protection from Palmer. (*Id.*) As of Palmer's Motion to Dismiss, Lyons's claim for intentional or negligent infliction of emotional distress remains the only claim against Palmer. (Doc. 66.) Lyons's federal substantive due process, section 1983, and equal protection claims still stand. (Doc. 65.)

## LEGAL STANDARD

### Supplemental Jurisdiction

Section 1367 of Title 28 governs a court's discretion to exercise supplemental jurisdiction over state law claims in any civil action over which the federal district court has original jurisdiction. Section 1367 also provides the

statutory basis upon which a court can exercise subject matter jurisdiction over a state law claim that could not, by itself, be brought in federal court if such a claim arises from the "common nucleus of operative fact" that forms the basis of the underlying federal claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966); *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Specifically, section1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal courts may decline to assert supplemental jurisdiction over a claim if any of the four circumstances specifically enumerated in 28 U.S.C. § 1367(c)(1)-(4) apply. Once a court identifies one of the "factual predicates" corresponding to one of the section 1367(c) categories, the court's exercise of discretion "is informed by whether remanding [or dismissing without prejudice] the pendent state claims comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity." *Exec. Software North America Inc. v. U.S. District Court for Cent. Dist. Of California*, 24 F.3d 1545, 1557 (9th Cir. 1994).

## ANALYSIS

### I.   Palmer's Motion to Dismiss (Doc. 66)

Palmer requests that the Court dismiss Lyons's state claim against him on the grounds that the Court lacks supplemental jurisdiction. (Doc. 67 at 3.) Palmer alternatively argues that the Court should, in its discretion, deny supplemental jurisdiction pursuant to section 1367(c)(2). (Doc. 67 at 9.) The Court retains its supplemental jurisdiction, however, over Lyons's emotional distress claim against Palmer subject to section 1367(a). Lyons's state claim arises from a "common nucleus of operative fact" as the remaining federal claims against Newton and the City. Further, the Court determines that a failure to exercise supplemental jurisdiction at this point in the parties' litigation would defeat the interests of judicial economy and fairness.

#### a.  Common Nucleus of Operative Facts

The Court retains its supplemental jurisdiction over Lyons's claim for intentional or negligent infliction of emotional distress against Palmer under section 1367(a) because this state law claim arises from a common nucleus of operative fact as the federal claims against Newton and the City. Lyons's state claim here constitutes part of the same "case or controversy" as her substantive due process, section 1983, and equal protection claims as  Palmer's alleged abusive conduct towards Lyons proves central and common to both the state and federal

5

claims. The City's and Newton's alleged failure to address the conflict, as well as the alleged way they condoned, encouraged, and provided cover for Palmer's abuse, give rise to the federal claims Lyons brings in this case. In other words, but for Palmer's alleged conduct, Lyons would not have brought this suit.

Palmer argues that this Court should dismiss Lyons's state claim based on *Hall v. Mont. State Prison* in which the court dismissed inmate Hall's state claims for medical negligence and malpractice against prison physician Dr. Kohut once it dismissed Hall's federal section 1983 claim against the doctor. 2015 WL 417889 (D. Mont. Jan. 30, 2015). In *Hall,* the plaintiff was severely beaten by other inmates that resulted in significant head trauma, among other injuries. *Hall* at *1. Hall alleged that the prison officials violated his Eighth Amendment right by requiring Hall to submit to restraints before receiving medical treatment, which caused him severe pain. *Id*. Hall also alleged that Dr. Kohut, the prison physician, committed medical negligence and malpractice and violated his Eighth Amendment right by choosing an inadequate course of treatment. *Id*. at *2. The court allowed Hall's state claim against the prison guards to proceed and dismissed Hall's federal claim against Dr. Kohut. *Id*. at *1–2. The court then declined to exercise supplemental jurisdiction over the state malpractice claim, holding that Hall failed to plead sufficient facts. *Id*. at *3. Even if he had, the court held, it

nonetheless declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. §

1367(c)(2). *Id.*

     *Hall* is not persuasive. Dr. Kohut's alleged conduct that formed the basis of

Hall's section 1983 claim was clearly severable from the prison official's conduct

and could be evaluated independently. Hall's malpractice claim against Dr. Kohut

was not tied to the prison guards' actions subjecting Hall to painful restraints

before receiving medical treatment. Here, by contrast, Palmer's conduct causing

Lyons's emotional distress forms the underlying and common factual nucleus for

the substantive due process, equal protection, and section 1983 claims. There exists

more than "some peripheral factual overlap between the claims" as Palmer

contends. (Doc. 74 at 6.) The factual basis undergirding both the federal and state

claims—namely, the alleged toxic relationship between Palmer and Lyons, and

Newton and the City's alleged failure to or decision to not appropriately respond—

cannot realistically be partitioned. The Court cannot meaningfully evaluate the

emotional distress claim separate and apart from the federal claims given the same

underlying time frame, facts, witnesses, and likely exhibits.

     Further, "[w]henever a federal court has supplemental jurisdiction under

section 1367(a), that jurisdiction should be exercised unless section 1367(b)[6] or

(c) applies." *Parker v. Scrap Metal* Processors, Inc., 468 F.3d 733, 743 (11th Cir.

2006). Section 1367(c) sets forth the parameters for the exercise of that discretion,

authorizing the district court to decline supplemental jurisdiction if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)–(4); *Rocky Mountain Twist v. Brackey*, 2008 WL 744149, at *5–6 (D. Mont. Mar. 13, 2008).

*Hall* declined to exercise supplemental jurisdiction specifically under section 1367(c)(2), finding that "Hall's state law medical malpractice claim against Dr. Kohut is likely to predominate over Hall's § 1983 claim." *Hall* at *3. The "substantially predominate" standard comes from the United States Supreme Court's decision in *Gibbs,* 383 U.S. at 726. As *Gibbs* explained, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id*. If it appears "that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Rocky Mountain Twist*, 2008 WL 744149, at *6 (citing to *Gibbs,* 383 U.S. at 727).

Lyons's state emotional distress claim does not risk substantially predominating the federal claim as the state medical malpractice claim did in *Hall*. Lyons's single tort claim, and the issues raised therein are not broader in scope that the remaining federal claims against Newton and the City. Though the state claim may arise from a wide range of alleged conduct, it does not exceed the time period and parties involved for the federal claims. Finally, Lyons's damages sought for the emotional distress claim are not broader in scope than damages sought for the federal section 1983, substantive due process, and equal protection claims. A careful review of Lyons's Amended Complaint satisfies the Court that her state claim does not constitute the "real body of the case," and, therefore, does not predominate the federal claims here. *Gibbs*, 383 U.S. at 727. As such, section 1367 provides Lyons the "opportunity … to pursue complete relief in a federal [] court lawsuit." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1240 (2006).

### b. Judicial Economy

The U.S. Supreme Court has stated that the "commonsense policy of pendent jurisdiction" allows "the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado v. Wyman*, 397 U.S. 397 (1970). Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if—the district court has dismissed all claims over which it has original jurisdiction." In the "usual case in which federal claims are

eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (1992) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). These factors include economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims. *Carnegie–Mellon Univ.*, 484 U.S. at 353.

The Ninth Circuit frequently has upheld decisions to retain pendent claims, despite lower courts' dismissal of federal claims, on the basis that returning them to state court would be a waste of judicial resources. *Imagineering, Inc.*, 976 F.2d at 1309. Dismissing Lyons's claim without prejudice to send Lyons to Montana state court, Cascade County, after nine months of pre-trial litigation would be a waste of judicial resources. Lyons effectively would have to try the same case twice, which constitutes an unreasonable and unnecessary duplication of the legal proceedings. Whether litigated here or in state court, Lyons's emotional distress claim involves largely the same parties, same witnesses, and similar factual development as Lyons's federal claims.

Palmer contends that there exists minimal overlap between Palmer's alleged conduct that gives rise to Lyons's emotional distress claim, arguing that Lyons will likely focus only on Palmer and not Newton's or the City's alleged actions. Yet, if this Court were to decline to exercise supplemental jurisdiction over Lyons's

10

remaining claim against Palmer at this point in the litigation, Palmer likely would call on the City and Newton to testify.

A court may exercise its discretion to retain pendent claims based on judicial economy, even if less than one year has elapsed in the case. *See, e.g., Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989) ("retention of jurisdiction well served the purposes of judicial economy and efficiency" after case had been in federal court only four months); *Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227–28 (9th Cir. 1976) (per curiam) (no abuse of discretion to retain pendent claims after "considerable time" of nine months); *see also In re Nucorp Energy Sec. Litigation*, 772 F.2d 1486, 1491 (9th Cir. 1985) (district court "was right in not imposing unnecessarily on a state court or on [the defendant] a repetition of pleadings, motions, discovery and other pre-trial proceedings"). These cases reflect the Ninth Circuit's "belief that it is the district judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point." *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (citing *Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir.1986)). The Court has expended sufficient resources after nine months of the parties' pre-trial litigation. At this juncture, dismissal would be a needless waste of judicial resources.

**ORDER**

Accordingly, **IT IS ORDERED** that Palmer's Motion to Dismiss (Doc. 66)

is **DENIED**.

Dated the 8th day of September, 2022.

Brian Morris, Chief District Judge
United States District Court